**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**MARK A. JACKSON**                                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:17-CV-00174-TBR**

**DEPUTY WARDEN JAMES COYNE** *et al.*                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff Mark A. Jackson leave to proceed *in forma pauperis.* This

matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v.

Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594

U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and

allowed to continue in part.

**I. SUMMARY OF COMPLAINT**

Plaintiff brings this action against five Kentucky State Reformatory (KSR) employees in

both their official and individual capacities: Deputy Warden James Coyne; "CTO [Caseworker]"

Heather Horn; "Name Unknown, Inmate Account Staff;" "Name Unknown, Unit Administrator;"

and "Name Unknown, Mail Room Staff."

Plaintiff first alleges that he showed Defendant Horn a letter from the "U.S. courts"

which revealed that he had a January 30, 2017 deadline to "get a six-month statement." Plaintiff

states that "inmate accounts responded back with I need to send Court Papers to get statement.

When I done so inmate accounts made copy of court papers kept original. Sent me copy and

denied me six month statement."

Plaintiff next alleges that at the end of January 2017, as he was preparing a 42 U.S.C. § 1983 form to send "to the courts," Defendant Horn told him "she could fill out the last page Form C on that packet." Plaintiff states that when Defendant Horn did so, she noticed Defendant Coyne's name on the "court papers." Plaintiff alleges that she then entered the office with Defendant Coyne and that Defendant Coyne asked Plaintiff why Plaintiff was suing him. Plaintiff claims that this question shows that Defendants Horn and Coyne read his "court papers" outside of his presence.

Finally, Plaintiff alleges that on February 3, 2017, he was allowed to read the legal mail he received on this date but was then required to give it to his unit administrator because he was not allowed to have it in the special management unit. Plaintiff further states that he was not allowed to sign the legal mail log sheet for this piece of mail and that, as of February 6, 2017, "no one knows" where this piece of mail is.

As relief, Plaintiff seeks punitive damages and injunctive relief to "suspend staff involved" and "transfer to another prison where [Plaintiff] can get proper legal services."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Plaintiff sues each Defendant in his/her official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff seeks money damages from Defendants in their official capacities, he fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Thus, the Court will dismiss Plaintiff's official-capacity claims for monetary damages for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

### B. Individual-Capacity Claims

Plaintiff's complaint pertains to actions that Defendants allegedly took with regard to his legal mail/and or "court papers." These claims are generally construed as denial-of-access-to-the-courts claims under the First Amendment. However, to succeed on such a claim, a prisoner must generally allege that a prison official's interference with his legal mail has affected the

prisoner's access to the courts. *Stanley v. Vining*, 602 F.3d 767, 770 (6th. Cir. 2010) (citing *Pilgrim v. Littlefield*, 92 F.3d, 413, 416 (6th Cir. 1996)) ("In order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation.").

Upon review of the complaint, the Court finds that Plaintiff has not met this pleading standard with regard to his claim that mailroom staff retained the original of a court document and returned only a copy to him or his claim that he was allowed to read, but not keep, legal mail while he was housed in the special management unit. *See e.g.*, *Armstrong v. Brunsman*, No. 10-4197, 2011 U.S. App. LEXIS 26489, at *3-4 (6th Cir. Oct. 27, 2011) (dismissing denial-of-access-to-courts claim based upon allegations that plaintiff's legal property had been taken by prison officials because the plaintiff "failed to plead and prove prejudice"); *Wardell v. Maggard*, 470 F.3d 954, 959 (10th Cir. 2006) ("A plaintiff must show that non-delivery of his legal mail resulted in actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim.") (internal quotation marks and citations omitted); *Sprinkle v. Barksdale*, No. 7:08CV00430, 2009 U.S. Dist. LEXIS 57416, at *19-20 (W.D. Va. July 6, 2009) (dismissing access-to-courts claim based upon allegation that a prison official kept copies of court documents because the plaintiff did explain how this action caused any injury to his litigation efforts) .

Accordingly, the Court will dismiss Plaintiff's individual-capacity claims against Defendants "Name Unknown, Inmate Account Staff;" "Name Unknown, Unit Administrator;" and "Name Unknown, Mail Room Staff" as the claims against them seem to pertain only to these two allegations. The Court will also dismiss Plaintiff's individual-capacity claim against Defendant Horn to the extent it is based upon the allegation that she was involved in the inmate account staff's retention of a court paper belonging to Plaintiff.

However, Plaintiff also alleges that Defendants Horn and Coyne read certain "court papers" outside of his presence and that this prompted Defendant Coyne to ask Plaintiff why Plaintiff was suing him. Several Sixth Circuit cases seem to indicate that it is a violation of a prisoner's constitutional rights to open or read his legal mail outside of his presence, whether an injury is alleged or not. Therefore, the Court will allow this claim to proceed against Defendants Horn and Coyne at this time. *See, e.g.*, *Merriweather v. Zamora*, 569 F.3d 307, 313) (6th Cir. 2009) (holding that district court properly denied the defendants' motion for summary judgment regarding a prisoner's claim that prison officials improperlyopened his legal mail outside of his presence); *Baker v. Mukasey*, 287 F. App'x 422, 425 (6th Cir. 2008) (holding that a prisoner alleging that BOP officials had read his constitutionally-protected legal mail outside of his presence stated an actionable claim); *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir 2003) (stating that "legal mail cannot be opened outside the presence of [an inmate]").

In light of these cases, the Court will allow Plaintiff's individual-capacity claims against Defendants Horn and Coyne for reading his "court papers" outside of his presence to proceed at this time.

### C. Injunctive Relief

Finally, the Court observes that Plaintiff also seeks injunctive relief. Plaintiff first requests that the Court suspend the "staff involved" in his allegations. The Court, however, does not have the authority to grant this type of relief under § 1983. *See, e.g.*, *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also*

*Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."); *Leek v. Thomas*, No. 09-3036-SAC, 2009 U.S. Dist. LEXIS 39406, at *9 (D. Kan. May 8, 2009) ("[P]laintiff's requests for disciplinary action against defendants and for defendants to be fired from their State employment are beyond the authority of this court and therefore are not proper requests for relief in this action.").

Plaintiff also seeks injunctive relief in the form of a transfer to another facility. However, the law is clear that inmates have no constitutional right to be incarcerated in any particular institution. *Montanye v. Haymes*, 427 U.S. 236 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). Thus, a federal court only has the authority to order a state to transfer a prisoner in the rare and extreme situation where an inmate's life is in imminent or grave danger. *See, e.g.*, *Walker v. Lockhart,* 713 F.2d 1378, 1383 (8th Cir. 1983); *Streeter v. Hopper*, 618 F.2d 1178, 1182 (5th Cir. 1980). Plaintiff's allegations do not suggest such a rare and extreme situation at KSR that this Court would order a transfer.

Accordingly, the Court will dismiss Plaintiff's claims for injunctive relief for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Defendants "Name Unknown, Inmate Account Staff;" "Name Unknown, Unit Administrator;"

and "Name Unknown, Mail Room Staff" are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1)

for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED**

to terminate these Defendants as parties to this action.

 **IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claim against

Defendant Horn based upon mailroom staff allegedly retaining a copy of a court record and

Plaintiff's claims for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for

failure to state a claim upon which relief may be granted.

 A separate Scheduling Order and Order Regarding Service shall be entered to govern the

development of the continuing claims.

Date:

cc: Plaintiff, *pro se*
   Defendants
   General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011