# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

MARK A. JACKSON                                                                      PLAINTIFF

v.                                                CIVIL ACTION NO. 3:17-CV-P174-TBR

DEPUTY WARDEN JAMES COYNE *et al*.                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by *pro se* Plaintiff Mark A. Jackson for "a court order" that he be allowed access to legal materials in a law library for at least two hours per day (DN 14). The Court construes this motion as one for a preliminary injunction. For the following reasons, this motion will be denied.

## I. SUMMARY OF MOTION

Plaintiff is incarcerated at Kentucky State Penitentiary (KSP). Plaintiff filed this prisoner 42 U.S.C. § 1983 civil rights action based upon a claim that two KSP officials read Plaintiff's "court papers" outside of his presence.

In his motion, Plaintiff asks the Court to order KSP officials to provide him access to legal materials and a law library for two hours per day. As grounds for this relief, he states that he "has a deadline as of November 18, 2017, but cannot meet due Kentucky Dept. of Corrections deny Plaintiff to view case cites etc." Plaintiff alleges that he is being denied "case cites" and is "very frustrated cause he will not be able to meet deadlines, file motions, etc. due to prison official(s) is impeding or hindering his efforts to pursue a legal claim." Plaintiff attaches to his motion a response to a grievance he filed stating that he had been denied access to legal materials (DN 14-1). In this response, it states that Plaintiff's request for "2 case cites for research" was

denied because he had not returned the "case cites" in his possession as is required by prison policy.

## II. LEGAL STANDARD

The Court must balance four factors in deciding whether to issue a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emp. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (internal quotation marks omitted). The four preliminary injunction factors are "'factors to be balanced, not prerequisites that must be met.'" *Michael v. Futhey*, No. 08-3932, 2009 U.S. App. LEXIS 28217, at *93-94 (6th Cir. Dec. 22, 2009) (quoting *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is a likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) ("[T]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22-23 (2008) (rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction") (emphasis in original). Additionally, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances

clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th. Cir. 2002); *see also Winter*, 555 U.S. at 24. Further, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. 1984).

In addition, because "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), "the party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d. 470 (8th Cir. 1994)). This is because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

### III. ANALYSIS

Plaintiff's motion for injunctive relief must be denied for several reasons. First, Plaintiff appears unlikely to succeed on the merits of this claim and, relatedly, unable to show irreparable injury. Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, meaningful access will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id*. at 830-31; *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992). An inmate who claims his access to the courts was denied merely because he was denied access to the prison library, or certain

books, fails to state a claim. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Rather, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, a plaintiff must demonstrate an actual injury. *Id.* He must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis v. Casey*, 518 U.S. at 356 (advising that no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented"). Here, Plaintiff does not allege that a claim has been lost or rejected or caused the late filing of a court document. Rather, he states that he fears that he may miss a court deadline that is months away because of the restrictions being imposed upon his access to legal materials. However, at this juncture, there is no showing that Plaintiff has been prejudiced by any alleged denial of access to legal materials and/or the law library. And, as noted above, speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. This is especially true where, as here, Plaintiff has another legal remedy – he may file a motion to extend any court deadline that he cannot meet due to a limitation on his access to legal materials or the prison law library. Thus, the first and second factors weigh against granting a preliminary injunction.

Moreover, the third and fourth elements of the analysis also weigh against granting preliminary injunctive relief. It is generally in the best interests of all if courts refrain from becoming involved in day-to-day prison operations. Moreover, the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as

against the public interest. *Lang v. Thompson*, No. 5:10-CV-379-HRW, 2010 U.S. Dist. LEXIS 126890, at *19 (E. D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

Finally, to the extent that Plaintiff's request for a preliminary injunction is based upon a claim that is not before the Court, it cannot provide a basis for relief. *See, e.g.*, *Devose v. Herrington*, 42 F. 3d. at 471 (holding that "new assertions" of retaliation and mistreatment "cannot provide the basis for a preliminary injunction"); *Jackson v. Hereford*, No. 14-2982 (JRT/BRT), 2015 U.S. Dist. LEXIS 144855, at *6-9 (D. Minn. Oct. 23, 2015) (denying motions for a temporary restraining order and a preliminary injunction based on new assertions of mistreatment involving legal mail, access to materials, and other alleged retaliatory conduct that occurred long after the conduct challenged in the complaint occurred) (report and recommendation), *adopted by* 2015 U.S. Dist. LEXIS 144073 (D. Minn. Oct. 23, 2015); *Pullen v. Howard*, No. 2:14-cv-104, 2015 U.S. Dist. LEXIS 48285 (S.D. Ohio April 13, 2015) (denying preliminary injunction because motion was premised on new claims and allegations of unconstitutional retaliation and conditions of confinement and because it involved new defendants who had not been served) (report and recommendation); *Jackson v. Welliver*, No. 3:CV-13-0641, 2014 U.S. Dist. LEXIS 24770, at *4 (M.D Pa. Feb. 26, 2014) (denying preliminary injunction seeking access to pens, a photocopier, and legal research materials because such claims were separate and distinct from those set forth in the amended complaint); *Parker v. Adu-Tutu*, No. CV 10-2747-PHX-GMS (ECV), 2011 U.S. Dist. LEXIS 92098, at *23-24 (D. Ariz. Aug. 17, 2011) (denying motion for injunctive relief based upon denial of legal books, legal materials, legal supplies, and access to a law library because relief

sought was based "on matters lying wholly outside the issues in the suit"). The instant motion for a preliminary injunction seeks relief based on allegations not raised in the complaint. Therefore, the motion must be denied for this reason as well.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for a preliminary injunction (DN 14) is **DENIED**.

Date:


cc: Plaintiff, *pro se*
 Counsel of Record
4413.011