UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00174-TBR

MARK A. JACKSON,                                                                                    PLAINTIFF

v.

JAMES COYNE, *et. al.*,                                                                        DEFENDANTS

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on two pending motions. First, Defendants James Coyne and Heather Horn filed a motion for summary judgment, [DN 17.] Plaintiff Mark Johnson responded, [DN 24], and Defendants replied, [DN 25.] Second, Plaintiff filed a motion for default judgment, [DN 20], to which Defendants responded, [DN 23.] For the reasons discussed in detail below, the Court will deny Plaintiff's motion for a default judgment, but will defer its ruling on Defendants' motion for summary judgment pending further briefing from the parties.

## DISCUSSION

Plaintiff Mark Jackson, a *pro se* prisoner, brought the instant lawsuit alleging that Defendants, who are employed at the Kentucky State Reformatory ("KSR"), violated his rights by improperly reading his legal mail, including court documents, outside of his presence. [DN 1.]

**A. Summary Judgment**

Defendants filed a motion for summary judgment on the sole grounds that Jackson failed to exhaust his administrative remedies. [DN 17 at 2–3.] The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative remedies before filing any action "with respect to prison conditions" under 42 U.S.C. § 1983 or any other federal law. 42 U.S.C. § 1997e(a). That exhaustion requirement "applies to all inmate suits about prison life, whether they

1

involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *accord Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). Exhaustion is mandatory and the remedies provided "need not meet federal standards, nor must they be 'plain, speedy, or effective.' " *Porter*, 534 U.S. at 524, 122 S.Ct. 983 (quoting *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Proper exhaustion demands compliance with [the prison's] deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

In response to Defendants' motion for summary judgment, Jackson argues that he did file a grievance on January 26, 2017, but that he withdrew the grievance when he was threatened by an inmate grievance aide, Howard Hawkins, who "stated he would cause harm to plaintiff if he didn't sign grievance and dismiss." [DN 24 at 1.] According to Jackson, he "was unable to use the grievance procedure or appeal due to threats and his life [being] in danger." [*Id.* at 2.] Jackson made this same argument in his Complaint, in which he stated that he "filed a grievance and was forced to withdraw it due to threats." [DN 1 at 5.] Jackson claims that, after he withdrew his grievance, he attempted to contact the Ombudsman's office for the Kentucky Department of Corrections, but that he never received a response. [*Id.*]

The Supreme Court of the United States recently identified certain circumstances under which the exhaustion requirement of "§ 1997e(a) poses no bar" to a prisoner's lawsuit. *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016). Among these circumstances is when the administrative procedure becomes effectively "unavailable" to prisoners because "prison administrators thwart[ed] inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* Here, because Jackson alleges that he withdrew his grievance due to threats to his bodily safety, *Ross* may apply.

2

In their reply, however, Defendants argue that the alleged threat "did not come from Corrections staff. Rather, Plaintiff claims that a fellow inmate in the position of grievance aide threatened him. A threat from a fellow inmate does not excuse the requirement that Plaintiff exhaust his administrative remedies." [DN 25 at 2.] In other words, Defendants argue that an inmate working as a grievance aide does not equate to a "prison administrator" thwarting Jackson's attempt to file a grievance. *Ross*, 136 S. Ct. at 160. However, at this time, the Court feels that it has insufficient information to make this determination. Accordingly, Defendants shall, by January 25, 2018, present additional evidence by way of affidavit and any supporting documentary evidence explaining the position of "grievance aide" at KSR and the extent to which grievance aides may act as agents of KSR. Jackson shall have until February 8, 2018 to respond to Defendants. The Court will defer ruling on Defendants' summary judgment motion until after this additional briefing has concluded.

## B. Default Judgment

Two days after Defendants filed their motion for summary judgment, Jackson filed a motion for default judgment. [DN 17; DN 20.] Therein, Jackson argues that Defendants failed to file an answer in the case. [DN 20 at 2.] It is true, as Jackson argues, that Defendants never answered. However, they did not completely "fail[] to plead or otherwise defend" the action, as is required under Federal Rule of Civil Procedure 55(a). Fed. R. Civ. P. 55(a). Instead, Defendants filed a motion for summary judgment. Rule 56 provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). In *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, the Sixth Circuit explained that

> the phrase "at any time" has since been given a literal construction. In *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20

3

L.Ed.2d 569 (1968), the Supreme Court affirmed summary judgment in favor of a defendant who had not filed an answer, even though the litigation was six years old when defendant filed the motion for summary judgment.

*INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 403 (6th Cir. 1987). Accordingly, the fact that Defendants did not file an answer does not entitle Jackson to a default judgment in this case, where Defendants instead appeared in and defended the case against them through a motion for summary judgment, [DN 17.]

It is correct, as Defendants explain in their motion, that their summary judgment motion was originally sent to an incorrect address; however, the next day, Defendants became aware of Jackson's change of address and filed a notice advising the Court that they sent copies of their motion to Jackson's updated address. [DN 18.] Understandably, Jackson likely did not receive those copies until after he filed his default judgment motion due to the time it took for him to receive his mail in prison. However, because Defendants did appear in the case before Jackson's default judgment motion was filed, the Court will deny Jackson's motion.

CONCLUSION

For the reasons discussed herein, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's motion for default judgment, [DN 20], is **DENIED**.

(2) The Court will defer ruling on Defendants' motion for summary judgment, [DN 17], pending further briefing by the parties.

(3) Defendants **SHALL**, by **January 25, 2018**, file a supplemental brief containing additional evidence by way of affidavit and any supporting documentary evidence explaining the position of "grievance aide" at KSR and the extent to which grievance aides may act as agents of KSR.

(4) Jackson **SHALL HAVE** until **February 8, 2018** to respond to Defendants' supplemental brief.

**IT IS SO ORDERED**.

Date:

cc: Counsel
  Plaintiff, pro se